IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| HERBERT P. RUSSELL | : |
| | : |
| v. | : Civil Action No. DKC 19-2734 |
| | : |
| ALEX M. AZAR, II, Secretary,<br>U.S. Department of Health and | : |
| Human Services (Food and Drug<br>Administration) | : |

**MEMORANDUM OPINION**

Presently pending and ready for resolution are the following
motions: a motion to dismiss filed by Defendant Alex M. Azar, II,
Secretary, U.S. Department of Health and Human Services (Food and
Drug Administration) ("the Government") (ECF No. 25); and a motion
for default judgment filed by Plaintiff Herbert Russell ("Mr.
Russell") (ECF No. 21). The issues have been fully briefed, and
the court now rules, no hearing being deemed necessary. Local
Rule 105.6. For the following reasons, the Government's motion to
dismiss or for summary judgment will be treated as one to dismiss
and granted and Mr. Russell's motion for default judgment or for
summary judgment will be denied.

I. **Background**

Unless otherwise noted, the facts outlined here are either
set forth in the complaint, evidenced by documents referenced and
attached to the complaint, or are matters of public record of which

the court may take judicial notice. *See Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4ᵗʰ Cir. 2007).

In October 2010 the Food and Drug Administration ("FDA"), a division of the United States Department of Health and Human Services ("HHS"), advertised a job vacancy for a Social Science Analyst position. Mr. Russell, a partially disabled veteran, applied for the position but was not hired. In response, he filed a complaint with each of the following: the Department of Labor ("DOL"), the Equal Employment Opportunity Commission ("EEOC"), and the Merits System Protection Board ("MSPB"). In each complaint, he alleged that his non-selection was due to age discrimination, sex discrimination, and failure to account for his veteran's preference. Each complaint proceeded in parallel on separate tracks.

In a January 2011 letter to the DOL, an HHS employee stated that Mr. Russell met the education and experience qualifications for the position. *Russell v. Dep't of Health & Human Servs.*, 591 F. App'x 937, 938 (Fed. Cir. 2014).

As part of the MSPB proceedings running in parallel, an administrative judge ordered HHS to reconstruct its hiring process for the vacancy and reassess Mr. Russell's qualifications. *Id*. HHS did so in compliance with the order and discovered that Mr. Russell was never minimally qualified for the role. The statement in the January 2011 letter was the erroneous result of the fact

that the HHS employee had mistakenly given Mr. Russell credit for coursework she should not have. *Russell, Herbert v. HHS*, No. DC-3330-11-0405-B-1, 2013 WL 6805808 (Sept. 30, 2013).  HHS "provided credible evidence explaining" why, contrary to the letter, Mr. Russell did *not* meet the minimum requirements for the position. *Id.*

Mr. Russell then filed a new claim with the EEOC in September 2013 alleging retaliation.  (ECF No. 27, at 6).  Pointing to the 2011 letter, Mr. Russell alleged that the recent finding by HHS that he was not qualified for the position was in retaliation for his earlier protected activity.

While the new EEOC retaliation claim was pending, the MSPB issued a final decision on Mr. Russell's earlier discrimination claim.  The MSPB ruled that Mr. Russell "provided no basis for [] disturb[ing] the agency's finding that he was not minimally qualified for the position." *Russell, Herbert v. HHS*, No. DC-3330-11-0405-M-1, 2015 WL 6805808 (May 8, 2015).  Mr. Russell appealed this ruling to the United States Court of Appeals for the Federal Circuit.  On December 15, 2015, the Federal Circuit affirmed the MSBP's ruling finding that, "Mr. Russell was not qualified for the position sought." *Russell v. D.H.H.S.*, 641 F. App'x 957, 960 (Fed. Cir. 2015).

Following the Federal Circuit's decision, Mr. Russell exhausted his EEOC retaliation claim and received a right to sue

3

letter on September 27, 2018.  (ECF No. 1, ¶ 33).  He then filed the current lawsuit in the United States District Court for the District of Arizona on March 15, 2019.  (ECF No. 1).  The complaint alleges that the FDA's "finding him not qualified for the vacancy [he applied for] despite having previously found him qualified" constitutes retaliation in violation of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 621 *et seq*. (ADEA), Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq*. ("Title VII"), and Section 501 of the Rehabilitation Act of 1973, as amended, U.S.C. § 791 *et seq*. ("Rehab Act").  (ECF No. 1).  On September 17, 2019, the case was transferred to the United States District Court for the District of Maryland.  (ECF No. 11).  On January 16, 2020, Mr. Russell filed a motion for default judgment.  (ECF No. 21).  On February 3, 2020, the Government responded.  (ECF No. 23).  On February 12, 2020, Mr. Russell replied.  (ECF No 24).  On February 18, 2020, the Government filed a motion to dismiss, or in the alternative, motion for summary judgment.  (ECF No. 25).  Mr. Russell responded on March 16, 2020.  (ECF No. 27).  The Government replied on June 19, 2020.  (ECF No. 29).

## II. Analysis

### A. Collateral Estoppel

The Government argues that Mr. Russell is collaterally estopped from bringing the current case because he previously

litigated the same issue before the Federal Circuit in 2015.[1]  "The collateral estoppel doctrine works to ensure that parties get 'one full and fair opportunity to litigate a particular issue, while preventing needless relitigation of that issue.'"  *Barna Conshipping, S.L. v. 2,000 Metric Tons, More or Less, of Abandoned Steel*, 410 Fed.App'x. 716, 720 (4th Cir. 2011) (quoting *In Re Cygnus Telecomms. Tech., LLC, Patent Litig.*, 536 F.3d 1343, 1350 (Fed. Cir. 2008)).  The doctrine applies where "(1) the issue or fact is identical to the one previously litigated; (2) the issue or fact was actually resolved in the prior proceeding; (3) the issue or fact was critical and necessary to the judgment in the prior proceeding; (4) the judgment in the prior proceeding is final and valid; and (5) the party to be foreclosed by the prior resolution of the issue or fact had a full and fair opportunity to litigate the issue or fact in the prior proceeding."  *In re Microsoft Corp. Antitrust Litig.*, 355 F.3d 322, 326 (4th Cir. 2004).

Collateral estoppel, a subset of res judicata, also known as issue preclusion, is an affirmative defense and the burden is on a defendant to prove its applicability.  *See Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007).  Typically, then, the merits of the defense are not reached on a motion to dismiss under

---

[1] The Government also argues that he has failed to state a claim because he has not pled a causal connection between Mr. Russell's protected activity and the FDA's adverse action.  (ECF No. 29, at 7).  The court need not address this argument.

Fed.R.Civ.P. 12, which tests the sufficiency of the complaint. *Id*. If, however, the facts necessary to reach the merits of the defense are contained in the complaint, or may be determined based on judicially noticeable facts, the defense may be addressed on a motion to dismiss. *See Richmond, Fredericksburg & Potomac R.R. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993). Of course, summary judgment may also be an appropriate mechanism for addressing the defense when matters outside the pleadings are necessary for adjudication. *See* Fed.R.Civ.P. 56.

The five elements of collateral estoppel support finding that it applies here to bar the claim. First, the issue in this case is the same as the issue previously litigated in Mr. Russell's 2015 suit before the Federal Circuit: whether Mr. Russell was qualified for the position he applied for in 2010. Mr. Russell disagrees, arguing that the issue here is retaliation whereas the issue in the 2015 suit was whether HHS improperly overlooked his qualifications. (ECF No. 27-2 at 25). The elements of a retaliation claim are (1) engagement in protected activity, (2) materially adverse action which could dissuade a reasonable worker from making a charge of discrimination, and (3) a causal link between the two. *See Holland v. Wash. Homes, Inc.*, 487 F.3d 208, 218 (4th Cir. 2007). Thus, to prove retaliation, Mr. Russell would have to prove that the changed assessment from minimally qualified to unqualified for the position was an adverse action taken in

response to his earlier complaints of discrimination.  Because of the conclusive finding that he in truth was unqualified for the position, he cannot prove that the revised assessment either was a materially adverse action or made because of his earlier complaints.  It cannot be materially adverse for an employer to assess an applicant's qualifications in compliance with a court order, and to correct an error in the record.  This is precisely what HHS did here.  The examination prompting the change was not done on HHS's own accord, but pursuant to a court ordered investigation.  Moreover, the judge presiding over the investigation found that HHS was correct in its reassessment. Thus, it cannot be said that the change was motivated by a desire to punish Plaintiff for making the complaint.

Turning to the second factor, the United States Court of Appeals for the Federal Circuit has already resolved this issue. In the 2015 case, the Federal Circuit considered the agency's qualification standards and Mr. Russell's education and experiences.  It concluded that "[HHS's] decision finding Mr. Russell unqualified [wa]s supported by substantial evidence." *Russell v. D.H.H.S.*, 641 F.App'x 957, at 960.  Specifically, the court found that the position "required that applicants meet one of three basic education requirements" and "have certain specialized experience" and "affirm[ed] the [MSPB]'s decision that

Mr. Russell was not qualified for the position sought." *Id*.  Thus, the second factor is met.

Third, the resolution of this issue was critical and necessary to the judgment in the 2015 suit.  The judgment clearly states, "On appeal to this court . . . Mr. Russell argues that the [MSPB]'s April 2014 decision upholding the agency's determination that he was not qualified was incorrect." *Id*., at 959.

Fourth, it is undisputed that the Federal Circuit's decision became final and valid.  Fifth, Mr. Russell had a full and fair opportunity to litigate the issue in the 2015 case.  The Federal Circuit's opinion in the 2015 case indicates that Mr. Russell made arguments in support of his position.  The court considered and rejected those arguments.  Thus, the issue was fully litigated in the 2015 case.

For these reasons, the court finds that Mr. Russell is collaterally estopped from bringing his current claims.

**B.   Motion for Default Judgment**

Mr. Russell has also filed a motion for default judgment or for summary judgment against the Government.  (ECF No. 21).  He complains about allegedly false statements in declarations filed by the government.  Fed.R.Civ.P. 55(d) provides that, "[a] default judgment may be entered against the United States, its officers, or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court."  As discussed

8

above, Mr. Russell is estopped from raising his claims at all and thus, cannot establish any claim or right to relief.  Accordingly, Mr. Russell's motion for default judgment or for summary judgment will be denied.

## III. Conclusion

For the foregoing reasons, the Government's motion to dismiss will be granted and Mr. Russell's motion for default judgment will be denied.  A separate order will follow.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge
